[S. F. No. 15982.   In Bank.—May 2, 1938.]

THE PEOPLE, Respondent, v. WILLIAM C. McDUFFIE, as Receiver, etc., Appellant.

[S. F. No. 15804.   In Bank.—May 2, 1938.]

THE PEOPLE, Plaintiff, v. WILLIAM C. McDUFFIE, as Receiver, etc., Defendant, Cross-Complainant and Appellant; AMERICAN–HAWAIIAN STEAMSHIP COMPANY (a Corporation) et al., Cross-Defendants and Respondents.

Robert E. Paradise, Gibson, Dunn & Crutcher, Henry F. Prince, Homer D. Crotty and David P. Evans for Appellant.

Gavin McNab, Schmulowitz, Wyman, Aikins & Brune, Nat Schmulowitz, H. M. Hammack, Schauer, Ryon & McMahon and Leo T. McMahon, as *Amici Curiae*, on behalf of Appellant.

U. S. Webb, Attorney-General, H. H. Linney and James J. Arditto, Deputies Attorney-General, and Hengstler, Dorr & Stevenson for Respondent.

HOUSER, J.—On July 31, 1933, an act known as the "Retail Sales Act of 1933" (Stats. 1933, p. 2599) became

effective. Particularly by the provisions of section 3 thereof, a tax was imposed on retailers of "tangible personal property". In effect, section 4 of the act provides that where a retail sale is made "under a contract made prior to the effective date of this act, . . . the seller may add the tax imposed by this act to the sale price and collect it from the buyer". Although the statute contains several other provisions which, considered either singly or as a whole, may be regarded as indicative of the intention of the legislature in passing the act as to whether the tax should be borne directly by the retailer, or whether the retailer should be entitled to compel payment thereof by the purchaser,—in the main, the provisions to which attention has been directed are controlling.

Richfield Oil Company is a producer of oil. Some time "prior to the effective date of this act", under the terms of a contract that had been entered into between Richfield Oil Company and each of several "consumers" of oil, the former agreed to sell to each of such "consumers" large quantities of oil. Respectively, both before and after the statute took effect, in accordance with a provision of each of said contracts, Richfield Oil Company delivered to each of such "consumers" many thousand gallons of oil at the price fixed in each of said respective contracts. No tax was paid on account of either or of any of such sales, either by Richfield Oil Company to the state, or by either or any of such "consumers" to Richfield Oil Company. Thereafter, and in assumed due course, in the lower court an action was brought by the state against William C. McDuffie, as receiver, etc., of Richfield Oil Company, to recover the amount of tax that had become due to the state on account of such sales of oil. Thereupon, by leave of the court, the defendant in the action filed a cross-complaint against each of the said "consumers" for the purpose of recovering the amount of tax which it was alleged had become due to Richfield Oil Company on account of a sale or sales of oil made by it to such "consumer" and for which the state was endeavoring to collect from Richfield Oil Company. To that cross-complaint each of the cross-defendants filed a general demurrer, which was by the court sustained "without leave to amend". From the ensuing judgment in favor of such cross-defendants, Richfield Oil Company appealed to this court. Thereupon the

original case went to trial, with the result that the state was awarded a judgment against Richfield Oil Company. From the judgment that was thus rendered, Richfield Oil Company has also appealed.

The principal and deciding issues in each of such appeals are whether, in circumstances such as hereinbefore have been indicated to exist, a retailer of "tangible personal property" is directly and solely liable to the state for the tax that is imposed upon him for "sales" that he may make; also whether the retailer has a legal right to "add the tax . . . to the sale price and collect it from the buyer".

Each of such questions is decisively answered in the appeal in the case of *National Ice & Cold Storage Co.* v. *Pacific Fruit Express Co.* (*ante,* p. 283 [79 Pac. (2d) 380]), this day decided by this court. No useful purpose would be served by a repetition here of the reasons there given for the conclusions therein reached by this court.

The judgments are and each of them is affirmed.

Shenk, J., Curtis, J., Seawell, J., Langdon, J., and Edmonds, J., concurred.

Rehearing denied.